Bell, J.
The statute with which we are concerned is Section 3769.02, Revised Code, the pertinent portion of which reads:
1 “A State Racing Commission is hereby established. It shall consist of five members, appointed by the Governor, with the advice and consent of the Senate.”
In the original enactment of the Horse Racing Act of 1933 by the 90th General Assembly (115 Ohio Laws, 171), Section 3079-2, General Code (now Section 3769.02, Revised Code), provided for the establishment of a State Racing Commission comprised of three members to be appointed by the Governor. Later in the same session (115 Ohio Laws, 367, 368), that section was amended to increase the number of members to four, without making any change in the appointive power of the Governor.
In the Recodification Act of 1953, that section became Section 3769.02, Revised Code, without change in either the number of members or method of appointment.
However, in 1959, the 103rd General Assembly amended . Section 3769.02, Revised Code (128 Ohio Laws, 1280), to increase the number of members to five and modified the appointive power of the Governor by inserting the provision, “with the advice and consent of the Senate,” with which we are particularly concerned.
The second defense of the respondent raises the question which this court considers unavoidable in resolving the controversy. Is the authority given to the Senate to advise and consent as to appointments by the Governor of members of the State Racing Commission pursuant to the provisions of Section 3769.02, Revised Code, a participation by the Senate in the *366 power of appointment and, as such, repugnant to the provisions of Section 27, Article II of the Constitution of Ohio?
Section 27, Article II, reads as follows:
“The election and appointment of all officers, and the filling of all vacancies, not otherwise provided for by this Constitution, or the Constitution of the United States, shall be made in such manner as may be directed by law; but no appointing power shall be exercised by the General Assembly, except as prescribed in this Constitution; and in these cases the vote shall be taken ‘viva voce.’ ”
That section early came under the scrutiny of this court in State, ex rel. Atty. Genl., v. Kennon, 7 Ohio St., 546. The court, in that ease, reviewed fully the debates of the Constitutional Convention concerning that section at a time when those debates were fresh in the minds of everyone interested in the basic law of our state. Nothing would be gained by a similar review here. Suffice it to say that the conclusion of the court is ■ succinctly expressed in the third paragraph of the syllabus, as follows:
“The constitutional provision which authorizes the General Assembly to prescribe by law how an appointment shall be made, by express provision and condition withholds from the General Assembly all appointing power.”
Judge Swan, in his concurring opinion, at page 570, paraphrased the holding of the court thus:
“This section of the Constitution, in first authorizing the General Assembly to provide by law for the manner in which appointments shall be made, expressly limits that manner by unconditionally, and without reservation, taking from the General Assembly appointing power, except in the election of United States Senators, and in those cases which are prescribed in the Constitution itself.”
And Judge Brinkerhoff, author of the majority opinion, at page 559, discussed the delimitation of authority thus:
“The office claimed by these defendants is nowhere specifically mentioned or described in the Constitution. That instrument is silent in respect to any such office. How then ean it ‘prescribe’ to the General Assembly the power and duty to fill such office by appointment? It can not, and does not, so pre *367 scribe. The Constitution does prescribe that each house of the General Assembly shall ‘choose its own officers,’ and that the Senate shall, by way of ‘advice and consent,’ participate, pro tanto, with the Governor in the appointment of trustees of the benevolent institutions of the state. These acts áre and may be done.by the houses of the General Assembly as component parts of that aggregate body, though not by the General Assembly in its entire and aggregate character. These are the only appointing powers ‘prescribed by the Constitution’ to the General Assembly, and, with the election of United States Senators, mark out and define the limits of the exception to the general prohibition.” (Emphasis added.)
Does the provision in Section 3769.02, Revised Code, concerning “advice and consent” by the Senate, provide for a participation pro tanto by the General Assembly with the Governor in the appointment of members of the State Racing Commission?
There is, of course, no constitutional provision for a State Racing Commission, and, therefore, there is obviously no prescription to the General Assembly of the power and duty to fill such office as there is in the case of trustees of the benevolent institutions of the state. Section 2, Article VII, Constitution of Ohio.
(It is most regrettable, in the opinion of the writer, that a constitutionai question should arise in connection with the appointment of a person to help supervise an activity which permits an individual to legally wager a substantial sum of money on the outcome of a horse race when that same individual, a few hours later and a few miles away, would be a miscreant in the eyes of the law for engaging in a penny-ante poker game in his own kitchen with his own friends.)
If, therefore, the “advice and consent” of one branch of the General Assembly is a necessary part of an appointment by the Governor and if such “advice and consent” by that branch constitutes action “by the General Assembly,” the provision obviously must fall in the face of the constitutional prohibition.
The very wording of Section 3769.02, Revised Code, and the fact of this action satisfy the first of these contingencies. The allegation of the petition to the effect that there is a vacancy *368 to which the relator desires the respondent to make a new appointment is relator’s recognition of the fact that the appointment of Hoffheimer was not completed because of the failure of the Senate to extend its advice and consent. Since the appointment is incomplete without the advice and consent of the Senate, the “advice and consent” action by the Senate is necessarily a part of the appointing power.
The only remaining question is whether action by one branch of the General Assembly — action requisite to the making of an appointment — is action “by the General Assembly.”
The General Assembly is the repository of the whole legislative power of the state; is composed of two houses, neither of which can act to the exclusion of the other in formulating the statutory law of the state. Certainly, neither branch of the General Assembly is the General Assembly. Each is a constituent part of the whole to the extent that without it there would be no General Assembly. And to say that action by one branch is not action “by the General Assembly” would be to deny the rudiments of the bicameral system engrained in our American constitutions and the Ohio Constitution in particular.
Section 3769.02, Revised Code, is an act of the entire Legislature investing one branch of itself with the power to advise and consent as to the appointment of members of the State Racing Commission. The Constitution prohibits the General Assembly from exercising any appointive power, even a part of an appointive power. And what cannot be done by the whole certainly cannot be done by a part.
We have had many cases cited to us in brief and argument and many citations to quotations such as the following, written by Judge Taft in the opinion in State, ex rel. Allen, v. Ferguson, Aud., 155 Ohio St., 26, 33, 97 N. E. (2d), 660, interpreting Section 12, General Code (now Section 3.03, Revised Code):
“While the appointments of the Governor must be submitted to the Senate * * * for confirmation, and appointees whom it fails or refuses to confirm may not continue as members of the commission, the interim appointees have power and authority in the meantime to act * *
That and similar expressions evidence the assumption, that *369 has been made through the years, of the constitutional validity of statutory requirements of submission of appointments by the Governor to the Senate for confirmation. The direct question has not been heretofore raised.
We have attacked the question reluctantly. But we nevertheless come to the inescapable conclusion that the provision in Section 3769.02, .Bevised Code, for the submission of the names of gubernatorial appointees to the State Bacing Commission to the Senate for its “advice and consent” is an attempt on the part of the General Assembly to assume an appointing power which is prohibited by Section 27, Article II of the Constitution.
The words of Judge Brinkerhoff, in the opinion in State, ex rel. Atty. Genl., v. Kennon, supra, are most appropriate to the situation in which the writer finds himself:
“I regret that my brethren have devolved on me the task of announcing the opinion of the majority of the court. It is one which I would have gladly avoided. No one doubts that it is the proper prerogative of the judiciary, under a written constitution, to pass upon the constitutionality of acts of the Legislature, whenever the question arises in a case pending before it; and, if they be found to contravene the limitations imposed by the organic and fundamental law of the state, to hold and declare them null and void. If it were not so, indeed, written constitutions would be of little or no value; for, the Legislature, being the sole judge of its own powers, would soon become practically omnipotent. Nevertheless, the office is one of great delicacy and responsibility, and by no means to be coveted. Of delicacy, because interests growing out of personal and party politics are frequently involved in such cases; and a judge, however upright and ‘clear in his great office’ he may be, can hardly expect to escape having his judgment censured, and his motives questioned. . Of responsibility, because the judgment of the court may necessarily conflict with and overrule that of a coordinate branch of the government, which it is alike the pleasure and duty of the court to treat with great respect and sincere consideration. These sentiments of respectful consideration, however, have a limit to their practical operation; and that limit is found where official obligation and fealty to *370 the Constitution begin. And if, after full hearing and careful consideration of the question presented, a court is clearly satisfied that the Legislature has, in any case, overstepped the limits of the Constitution, it is its duty so to hold; a duty which, however delicate and responsible, it is not at liberty to decline.”
For the reasons stated herein, the demurrer to the answer is overruled and the writ denied.

Writ denied.

Weygandt, O. J., Zimmerman, Taft, Matthias, Radcliff and O’Neill, JJ., concur.
Radcliff, J., of the Fourth Appellate District, sitting by designation in the place and stead of Herbert, J.